**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Mingo County Board of Education,**
**Defendant Below, Petitioner**

**vs.)  No. 22-0498** (Mingo County CC-30-2018-C-142)

**"Big Jim" Hatfield,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mingo County Board of Education appeals the June 9, 2022, orders of the Circuit Court of Mingo County denying its motions for summary judgment.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Respondent "Big Jim" Hatfield, a patron who faithfully attended most football games at Mingo Central High School, fell in an unpaved parking area beside the football stadium on November 26, 2016, at approximately 9:30 p.m. The parking area is a reclaimed mine site that is graded with drains. It is covered with "shot rock" and, accordingly, contains dips and ruts.

In November of 2018, respondent filed a negligence action against petitioner alleging that he slipped on a rock while walking to his automobile and that petitioner "permitted large, jagged-edge rocks and other debris to protrude above the ground" in the parking area and that the parking area had inadequate lighting. He sought damages for past and future medical expenses and lost wages.

The parties conducted extensive discovery. Multiple witnesses testified that periodic maintenance had been done around the parking area. This work, largely funded by the athletic fund, included grading, mowing, spraying for weeds, and clearing shrubs.

Petitioner filed two motions for summary judgment, one based upon liability and one addressing damages. As to liability, petitioner maintained, in part, that it was entitled to statutory immunity from respondent's negligence claims pursuant to the West Virginia Governmental Tort

---

[1] Petitioner appears by counsel Duane J. Ruggier II and Evan S. Olds. Respondent appears by counsel H. Truman Chafin and Letitia Neese Chafin.

1

Claims and Insurance Reform Act ("Tort Claims Act"), West Virginia Code §§ 29-12A-1 to -18. Specifically, petitioner argued that respondent's claim resulted from a legislative or quasi-legislative function as discussed in West Virginia Code § 29-12A-5(a)(1), because petitioner's budget did not include money to pave and install lights in the parking area. Alternatively, petitioner maintained that it was entitled to immunity because petitioner's claim resulted from natural conditions of unimproved property in accordance with West Virginia Code § 29-12A-5(a)(7).

The court found that although appropriation of money is largely a legislative function, how petitioner chose to spend its appropriated money is not a legislative function warranting immunity. The court further found that the parking area was not in its natural condition and had been improved for parking for the football stadium. Accordingly, the circuit court found that petitioner was not entitled to immunity pursuant to the Tort Claims Act and denied petitioner's motions for summary judgment in two separate orders entered on June 9, 2022.

Petitioner appeals the court's orders. Pursuant to West Virginia Code § 58-5-1, this Court's jurisdiction is limited to the review of final judgments. Ordinarily, "[a]n order denying a motion for summary judgment is merely interlocutory, leaves the case pending for trial, and is not appealable except in special instances in which an interlocutory order is appealable." Syl. Pt. 5, *Kanawha Cnty. Bd. of Educ. v. S.D.*, --- W. Va. ---, 895 S.E.2d 485 (2023) (citations omitted). Although the denial of a motion for summary judgment is interlocutory, a denial that is predicated on immunity is an interlocutory ruling which is subject to immediate appeal under the "collateral order" doctrine. Syl. Pt. 2, *W. Va. Dep't of Health & Hum. Res. v. Payne*, 231 W. Va. 563, 746 S.E.2d 554 (2013). We review an order denying a motion for summary judgment de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Furthermore, "[t]he ultimate decision of whether qualified or statutory immunity bars a civil action is one of law for the court to determine." Syl. Pt. 1, in part, *Hutchison v. City of Huntington*, 198 W. Va. 139, 479 S.E.2d 649 (1996). As we have explained, "unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition." *Id.*

When we review an interlocutory order determining that a party is not entitled to immunity, "*any summary judgment rulings on grounds other than immunity are reserved for review at the appropriate time* should the interlocutory appeal result in finding immunity inapplicable under the circumstances." *S.D.*, --- W. Va. at ---, 895 S.E.2d at 490 (quotations and citations omitted) (emphasis in original). Accordingly, we refuse to address petitioner's arguments or purported error on appeal other than its arguments that it is entitled to immunity, as those arguments are the only issues appropriately before this Court.[2]

Petitioner raised multiple grounds for immunity based on the Tort Claims Act. Regarding petitioner's argument as to West Virginia Code § 29-12A-5(a)(1), we agree with the circuit court's conclusion that petitioner's choices as to how it spends its appropriated money is not a legislative function warranting immunity. We have previously held, "[t]he appropriation of public money is an exclusively legislative function[,] but the expenditure of the money appropriated is an

---

[2] Petitioner raised one assignment of error regarding expert testimony and three assignments of error relating to damages.

administrative function which, except as to money appropriated for the legislature and the judiciary, is to be exercised by the executive department of the government." Syl. Pt. 2, *Bd. of Educ. of Wyoming Cnty. v. Bd. of Pub. Works*, 144 W. Va. 593, 109 S.E.2d 552 (1959). Accordingly, we find no error in the circuit court's conclusion that petitioner is not entitled to immunity under West Virginia Code § 29-12A-5(a)(1).

Further, petitioner claimed that respondent's fall occurred from natural conditions on unimproved property and, therefore, it was entitled to immunity on that basis under West Virginia Code § 29-12A-5(a)(7). We disagree and determine that the court correctly found that the parking area had been improved and was not in its natural condition. At the time of respondent's fall, a drainage system had been installed, among other improvements. Therefore, we find there was no bona fide dispute that the land was improved and not in its natural condition and that the court did not err in determining that petitioner was not entitled to immunity pursuant to West Virginia Code § 29-12A-5(a)(7). *See* Syl. Pt. 1, *Hutchison*, 198 W. Va. at 139, 479 S.E.2d at 649.[3]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 5, 2024

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[3] Finally, petitioner argues that it is entitled to immunity for respondent's negligence claims pursuant to West Virginia Code § 29-12A-4(c)(3) because there was insufficient evidence to sustain a negligence claim. While petitioner couches this argument in terms of immunities, petitioner plainly challenges the circuit court's denial of its motion for summary judgment on the merits of respondent's negligence claim. *See* W. Va. Code § 29-12A-4(c)(3) (providing that "[p]olitical subdivisions are liable for injury, death, or loss to persons or property caused by their negligent failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, or free from nuisance," subject to W. Va. Code §§ 29-12A-5 and 6). Given the limited scope of our review in this interlocutory appeal, we decline to address petitioner's argument. *See S.D.,* --- W. Va. at ---, 895 S.E.2d at 490 ("[i]n cases where interlocutory review of qualified immunity determinations occurs, *any summary judgment rulings on grounds other than immunity are reserved for review at the appropriate time* should the interlocutory appeal result in finding immunity inapplicable under the circumstances") (quotations and citations omitted) (emphasis in original).

3

**DISSENTING:**

Chief Justice Tim Armstead


Armstead, Chief Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the errors alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.